UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 06-10057-RGS

UNITED STATES OF AMERICA

v.

STEPHEN PROPHETE

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO REDUCE SENTENCE

March 19, 2010

STEARNS, D.J.

Defendant pled guilty on February 27, 2007, to three counts of distribution of cocaine base. The court at sentencing found the total offense level to be 31 and the defendant's criminal history category to be V. The court also found that the defendant qualified for career offender status, resulting in a sentencing guidelines range of 188-235 months. The court, however, sentenced defendant to 144 months, finding that the sentencing range as enhanced by the career offender provision resulted in a recommended sentence "too harsh" under the circumstances. The court sentenced defendant instead to the upper end of the range that would have applied but for the career offender adjustment (120-150 months). Defendant now argues for a further two-level downward adjustment in the offense level pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10(c) resulting in a sentencing range of 100-125 months. Defendant asks that the court accordingly impose a reduced sentence of 119 months. See United States v. McGee, 553 F.3d 225 (2d Cir. 2009).

I agree with the government that the requested reduction is foreclosed by <u>United States v. Caraballo</u>, 552 F.3d 6, 10 (1st Cir. 2008).[1]  <u>See</u> also <u>United States v. White</u>, 322 F.App'x 266, 2009 WL 1090332 (3d Cir. Apr. 23, 2009).  Consequently, the motion for reduction of sentence is <u>DENIED</u>.

        SO ORDERED.

        /s/ Richard G. Stearns

        _____
        UNITED STATES DISTRICT JUDGE

---

[1] I do not disagree with defendant's assertion that <u>McGee</u> is on point.  However, as Judge Gertner noted in <u>United States v. Hargrove</u>, 628 F. Supp. 2d 241, 243, 245 (D. Mass. 2009), the First Circuit has taken the contrary approach.  First Circuit precedent is, of course, binding on this court.